**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| CIELO JEAN "CJ" GIBSON, JESSICA "JESSA" HINTON, | ) | **C.A. NO. 6:22-CV-02369-TMC** |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | **ANSWER TO PLAINTIFFS' COMPLAINT** |
| vs. | ) | |
| | ) | **(JURY TRIAL DEMANDED)** |
| NEPAL, INC. D/B/A LUST, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

The Defendant Nepal, Inc. d/b/a Lust, ("Nepal" or "Defendant"), files this Answer to Plaintiffs' Cielo Jean "CJ" Gibson and Jessica "Jessa" Hinton's Complaint (collectively "Plaintiffs"). Defendant notes that each and every allegation of the Plaintiffs' Complaint not specifically admitted is denied.

1.      Paragraph 1 of the Complaint is a mere statement requiring no response. To the extent Plaintiffs state they are "well-known professional models", Defendant denies they have suffered any cognizable injury to business reputation allowing them any recovery.

2.      Paragraph 2 of the Complaint is a mere statement requiring no response. To the extent Plaintiffs state they are "well-known professional models", Defendant denies they have suffered any cognizable injury to business reputation allowing them any recovery. Defendant further denies the mere allegations of the existence of other causes of action.

3.      Paragraph 3 of the Complaint is a mere statement requiring no response. Defendant denies Plaintiffs are entitled to any of the relief which they seek.

4.      Paragraph 4 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

5.      Paragraph 5 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

6.      Defendant has insufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant admits Paragraph 7 of Plaintiff's Complaint.

8.      Paragraph 8 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

9.      Paragraph 9 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

10.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint. Further, based upon the ambiguity of what constitutes "well-known" and the limitations of the Lanham Act, Defendant denies this Paragraph.

11.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint. Further, based upon the ambiguity of what constitutes "well-known" and the limitations of the Lanham Act, Defendant denies this Paragraph.

12.     Defendant admits Paragraph 12 of Plaintiff's Complaint.

13.     Paragraph 13 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

14.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint. Further, based upon the ambiguity of what constitutes "well-known" and the limitations of the Lanham Act, Defendant denies this Paragraph.

15.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint. Notwithstanding, Defendant denies the same.

19.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint. Notwithstanding, Defendant denies the same.

20.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint, but denies Gibson has suffered cognizable damages based upon the claims alleged.

24.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint. Due to the ambiguity of terms such as "elite status as a social media celebrity," Defendant denies this Paragraph.

25.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint. Notwithstanding, Defendant denies the same.

26.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant admits Paragraph 27 of Plaintiffs' Complaint.

28.     In that Defendant utilizes the services of a third-party for social media content, this Paragraph is denied.

29.     Defendant admits Paragraph 29 of Plaintiffs' Complaint.

30.     Defendant denies Paragraph 30 of Plaintiffs' Complaint as written.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 33 of the Complaint. Notwithstanding, Defendant denies the same.

34.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 35 of the Complaint. Notwithstanding, Defendant denies the same.

36.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 36 of the Complaint. Notwithstanding, Defendant denies the same.

37.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

41.     Paragraph 41 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

42.     Paragraph 42 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

43.     Paragraph 43 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

44.     Paragraph 44 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

45.     Paragraph 45 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

46.     Paragraph 46 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

## <u>AS TO THE FIRST CAUSE OF ACTION</u>
**(Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B): False Advertising)**

47.     Paragraph 47 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

48.     Paragraph 48 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

49.     Paragraph 49 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

50.     Paragraph 50 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.    Paragraph 53 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

54.    Paragraph 54 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

## AS TO THE SECOND CAUSE OF ACTION
### (Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A): False Association)

55.    Paragraph 55 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

56.    Paragraph 56 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

57.    Paragraph 57 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

58.    Paragraph 58 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

59.    Paragraph 59 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

60.    Paragraph 60 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

## AS TO THE THIRD CAUSE OF ACTION
### (Common Law Right of Publicity – Misappropriation of Likeness)

61.    Paragraph 61 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

62.    Paragraph 62 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

63.     Defendant denies Paragraph 63 of Plaintiffs' Complaint as written.

64.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. It further is nothing more than mere speculation as to what discovery may or may not establish.

66.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

68.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 68 of the Complaint. Notwithstanding, Defendant denies the same.

69.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 69 of the Complaint. Notwithstanding, Defendant denies the same.

70.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

## AS TO THE FOURTH CAUSE OF ACTION
### (Violation of South Carolina's Unfair Trade Practices Act, S.C. Code Ann. § 39-5-100, *et seq*.)

72.     Defendant denies Paragraph 72 of Plaintiffs' Complaint as written.

73.     Paragraph 73 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

74.     Paragraph 74 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

75.     Paragraph 75 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

76.     Paragraph 76 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

77.     Paragraph 77 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

78.     Paragraph 78 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

79.     Paragraph 79 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

80.     Based upon the ambiguity of the language used, Defendant denies the allegations contained in Paragraph 80 of the Complaint. Further, Defendant's commercial interests were not served nor can Plaintiffs establish Defendant profited from any alleged use of their images.

81.     Paragraph 81 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

82.     Paragraph 82 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

## AS TO THE FIFTH CAUSE OF ACTION
### (Defamation)

83.     Defendant denies the allegations contained in Paragraph 83 of Plaintiffs' Complaint as written. Any images of Plaintiffs have not resulted in any commercial or financial

interest of Defendant being served as Plaintiffs do not establish they are so well-known as to impact any potential customer of Defendant.

84.    Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.    Defendant denies the allegations contained in Paragraph 85 of the Complaint as it is based upon a false premise.

86.    Defendant denies the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.    Paragraph 87 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

88.    Paragraph 88 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

89.    Paragraph 89 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

90.    Paragraph 90 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

91.    Paragraph 91 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

92.    Defendant has insufficient information to admit or deny the allegations contained in Paragraph 92 of the Complaint. Notwithstanding, Defendant denies the same.

93.    Paragraph 93 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

94.    Paragraph 94 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

## AS TO THE SIXTH CAUSE OF ACTION
### (Negligence and *Respondent Superior*)

95.     Paragraph 95 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

96.     Paragraph 96 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

97.     Paragraph 97 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

98.     Paragraph 98 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

99.     Paragraph 99 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

100.     Paragraph 100 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

101.     Paragraph 101 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

102.     Paragraph 102 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

## AS TO THE SEVENTH CAUSE OF ACTION
### (Conversion)

103.     Paragraph 103 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

104.     Paragraph 104 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny.

105.    Paragraph 105 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

## AS TO THE EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

106.    Defendant denies the allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of Plaintiffs' Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109.    Defendant has insufficient information to admit or deny the allegations contained in Paragraph 109 of the Complaint.

110.    Defendant has insufficient information to admit or deny the allegations contained in Paragraph 110 of the Complaint.

111.    Defendant has insufficient information to admit or deny the allegations contained in Paragraph 111 of the Complaint. Notwithstanding, Defendant denies the same.

112.    Paragraph 112 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

## AS TO THE NINTH CAUSE OF ACTION
### (Quantum Meruit)

113.    Defendant has insufficient information to admit or deny the allegations contained in Paragraph 113 of the Complaint. In light of the ambiguity as to what constitutes an "internationally known model", Defendant denies this Paragraph.

114.    Defendant has insufficient information to admit or deny the allegations contained in Paragraph 114 of the Complaint.

115.    Defendant has insufficient information to admit or deny the allegations contained in Paragraph 115 of the Complaint. Notwithstanding, Defendant denies the same.

116.    Paragraph 116 of the Complaint states a conclusion of law which Defendant is neither required to admit or deny. Notwithstanding, Defendant denies the same.

## RESPONDING TO PLAINTIFFS'
## AD DAMNUM AND/OR PRAYER FOR RELIEF

117.    Defendant denies that Plaintiffs are entitled to recovery as prayed for in Plaintiffs' Ad Damnum Clause and/or Prayer for Relief.

## FURTHER ANSWERING AND FOR
## A FURTHER AND AFFIRMATIVE DEFENSE

118.    Each cause of action contained within Plaintiffs' Complaint fails as a matter of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the cause of action fails to state a claim upon which relief can be granted.

## FURTHER ANSWERING AND FOR
## A FURTHER AND AFFIRMATIVE DEFENSE

119.    Plaintiffs' causes of action fail as a matter of law on the grounds that Plaintiffs have failed to take reasonable steps to mitigate any of their alleged damages, losses or injuries.

## FURTHER ANSWERING AND FOR
## A FURTHER AND AFFIRMATIVE DEFENSE

120.    One or more of Plaintiffs' causes of action are barred by the applicable statute of limitation.

**FURTHER ANSWERING AND FOR
A FURTHER AND AFFIRMATIVE DEFENSE**

121.    Plaintiffs' causes of action are barred under the doctrine of unclean hands.

**FURTHER ANSWERING AND FOR
A FURTHER AND AFFIRMATIVE DEFENSE**

122.    If Defendant was negligent, which is explicitly denied, then such alleged

negligence was passive and was not an act which caused the alleged injury to the Plaintiffs, if

any, and any act or omission on the part of Defendant is fully insulated by the active, intervening

negligence of others, and Defendant specifically pleads that any act on its part was purely

secondary to the primary acts of others and pleads the intervening acts of others in bar of any

recovery by the Plaintiffs thereon against Defendant.

**FURTHER ANSWERING AND FOR
A FURTHER AND AFFIRMATIVE DEFENSE**

123.    Plaintiffs' causes of action are barred pursuant to the doctrine of laches as

Plaintiffs were aware of their rights, if any, and unreasonably delayed any efforts to enforce such

rights.

**FURTHER ANSWERING AND FOR
A FURTHER AND AFFIRMATIVE DEFENSE**

124.    Plaintiffs' causes of action are barred, in whole or in part, under the doctrine of

waiver and/ or acquiescence as a result of Plaintiffs knowingly and voluntarily relinquishing any

rights they may have had by voluntarily publishing their images and likeness on the Internet

without proper notice of restrictions against copying, use, re-use, distribution or other actions

related to such images and likeness by third-parties.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

125.     Plaintiffs' claims fail as a matter of law as Plaintiffs have suffered no damages as a result of Defendant's alleged conduct.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

126.     Plaintiffs' claims for injunctive relief fail, and Plaintiffs are not entitled to injunctive relief, because Plaintiffs cannot meet their burden to show that they will suffer any irreparable harm from Defendant's alleged actions.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

127.     Plaintiffs' claims for injunctive relief fail, and Plaintiffs are not entitled to injunctive relief, because Plaintiffs can be adequately compensated for any injury, loss, or damages suffered by Plaintiffs by an award of monetary damages.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

128.     Plaintiffs' causes of action based on South Carolina law are preempted by federal law.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

129.     Plaintiffs' causes of action fail as Defendant is not the cause in fact or proximate cause of any injury, loss, or damage to Plaintiffs.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

130.    Plaintiffs' cause of action against Defendant for negligence fails as a matter of law as Defendant owed no duty to Plaintiffs.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

131.    Plaintiffs' causes of action are barred in full or in part by the doctrines of Fair Use, Nominative Fair Use, and/ or Descriptive Use.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

132.    Plaintiffs' cause of action fail as a matter of law as any use by Defendant was not false or misleading.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

133.    Plaintiffs' causes of action fail as a matter of law as Defendant's conduct is protected by the First Amendment of the Constitution of the United States.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

134.    Plaintiffs' causes of action fail as a matter of law as Defendant did not use or authorize the use of Plaintiffs' images, likeness, or identities, but rather relied in good faith on the actions of a third-party who indicated all photographs were obtained by proper license and permission.

**FURTHER ANSWERING AND FOR
A FURTHER AND AFFIRMATIVE DEFENSE**

135.    Plaintiffs' causes of action are barred as any use by Defendant of Plaintiffs' images, likeness, or identity was authorized by implied or expressed license.

**FURTHER ANSWERING AND FOR
A FURTHER AND AFFIRMATIVE DEFENSE**

136.    To the extent Plaintiffs' Complaint includes a claim for punitive damages, Plaintiffs' claims for punitive damages violate the Fifth, Sixth, Seventh, and Fourteenth Amendments of the Constitution of the United States and Article I of the Constitution of the State of South Carolina in the following particulars:

a.    Plaintiffs' claims for punitive damages violate the Fifth Amendment of the Constitution of the United States and Article I of the Constitution of the State of South Carolina for the following reasons:

    i)    The double-jeopardy clause is violated because multiple awards of punitive damages can be imposed upon the Defendants for the same act or omission, and because an award of punitive damages can be imposed upon the Defendants, even though the Defendants were convicted or acquitted of a factually related defense in an underlying criminal proceeding; and

    ii)    The self-incrimination clause is violated because Defendants can be compelled to give testimony against them;

b.    Plaintiffs' claim for punitive damages violates the Sixth and Fourteenth Amendments Fifth Amendment of the Constitution of the United States and Article I of the Constitution of the State of South Carolina because such damages may be imposed according to the lesser standard of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature and, as such require the "beyond the reasonable doubt" standard of proof;

16

c.    Plaintiffs' claim for punitive damages violates the Defendant's rights to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the Defendant's exercise of that right;

d.    Plaintiffs' claims for punitive damages violate the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States and Article I of the Constitution of the State of South Carolina for the following reasons:

i)    The standard or test for determining the requisite mental state of Defendants for imposition of punitive damages is void for vagueness;

ii)    Insofar as punitive damages are not measured against actual injury to the Plaintiffs and are left up to the discretion of the jury, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damages that may be awarded is indeterminate at the time of Defendants' alleged egregious conduct;

iii)    In cases involving more than one Defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given Defendant;

iv)    The tests or standards for the imposition of punitive damages differ from state to state, such that a specific act or omission of a given Defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which the suit is filed, such that the Defendant is denied equal protection of law; and

v)    Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive.

17

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

137.    The use of Plaintiffs' photograph(s) was not based upon their identity, alleged celebrity or popularity.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

138.    Plaintiffs' do not properly allege facts sufficient to establish the images in issue were false or misleading.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

139.    Plaintiffs' fail to establish that any alleged deception in any manner had a material effect on consumer's purchasing decisions or how Plaintiffs' have or are likely to be injured as a result of the alleged false advertising.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

140.    Any marks in issue are not distinctive and thus lack any degree of protection.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

141.    Plaintiffs and Defendant offer different products and services, thus voiding any confusion or assumptions of being related one to the other. Plaintiffs fail to properly plead evidence of actual consumer confusion.

**FURTHER ANSWERING AND FOR**
**A FURTHER AND AFFIRMATIVE DEFENSE**

142.    Defendant has not unjustly profited from any of the claims alleged by Plaintiffs.

## FURTHER ANSWERING AND FOR
## A FURTHER AND AFFIRMATIVE DEFENSE

143.    Plaintiffs' Complaint fails to plead a cognizable injury to business reputation, much less one proximately caused by Defendant's use of their images that caused consumers to withhold trade from their business.

## FURTHER ANSWERING AND FOR
## A FURTHER AND AFFIRMATIVE DEFENSE

144.    Plaintiffs have failed to plead malice or actual malice along with supporting facts.

## FURTHER ANSWERING AND FOR
## A FURTHER AND AFFIRMATIVE DEFENSE

145.    Defendant's actions are protected by qualified and/or absolute privilege.

## FURTHER ANSWERING AND FOR
## A FURTHER AND AFFIRMATIVE DEFENSE

146.    Defendants reserve the right to amend their Answer and to assert any additional affirmative defenses allowed by the Federal Rules of Civil Procedure, depending on any evidence discovered in pursuit of this litigation.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all issues so triable.

WHEREFORE Defendant, having answered the allegations in the Plaintiffs' Complaint, make the following prayer for relief:

1.  That Plaintiffs have and recover nothing from Defendant;

2.  That the Complaint be dismissed with prejudice;

3.  That the Court award Defendant their reasonable attorney fees from Plaintiffs'

19

4. That the issues in this matter be tried before a jury; and

5. That the Court enter judgment for such other and further relief as the Court deems just and proper.

CLEMENT RIVERS, LLP

By: *s/Stephen L. Brown*
Stephen L. Brown  Federal I.D. #: 6428
Duke R. Highfield, Federal I.D. # 5654
Victoria L. Anderson, Federal I.D. #11708
P.O. Box 993, Charleston, SC  29402
(843) 720-5488;
E-mail:  sbrown@ycrlaw.com
            dhighfield@ycrlaw.com
            tanderson@ycrlaw.com
*Attorneys for the Defendant*

Charleston, South Carolina

Dated: December 15, 2022